HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, *ex rel.* Ammar Safadi,

    Plaintiff,

    v.

UNITED STATES,

    Defendant.

Case No. 18-cv-01375--RAJ

**ORDER GRANTING THE UNITED STATES'S MOTION TO DISMISS**

## I. INTRODUCTION

This matter is before the Court on the United States of America's motion to dismiss. Dkt. # 15. For the reasons below, the Court **GRANTS** the motion.

## II. BACKGROUND

Plaintiff is a *pro se* who filed this *qui tam* action on behalf of the United States (alternatively, the "Government"). Dkt. # 10 at 1. He alleges that the Social Security Act ("SSA"), among other things, violates the "legal custody of children" and that current law regarding child support violates the Constitution. *Id.* at 11. Plaintiff seeks various forms of relief, including orders directing reform of the SSA, halting child support enforcement nationwide, and releasing detainees who are imprisoned for failure to pay child support. *Id.* at 13.

The Government notes that Plaintiff's complaint neither references nor alleges a claim under the False Claims Act (FCA). Dkt. # 15. And although Plaintiff did not

ORDER – 1

complete service on the United States, the Government has filed its notice declining to intervene pursuant to § 3730(b)(4)(B). Dkt. # 16.

### III. DISCUSSION

Under the *qui tam* provisions of the FCA, a private individual, referred to as a relator, may file an action on behalf of the federal government against any individual or company who has knowingly presented a false claim to the government for payment. *See* 31 U.S.C. §§ 3729(a), 3730(b).

The Government may dismiss the action "notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A); *Kelly v. Boeing Co.*, 9 F.3d 743, 746 (9th Cir.1993). Additionally, for the United States to dismiss a *qui tam* action under § 3730(c)(2)(A), the Ninth Circuit requires (1) a valid governmental purpose for the dismissal and (2) a rational relation between the dismissal and accomplishment of that purpose. *U.S. ex. Rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1145 (9th Cir. 1988). If the United States satisfies these two steps, the burden shifts to the relator to "demonstrate that dismissal is fraudulent, arbitrary and capricious, or illegal. *Sequoia Orange*, 151 F.3d at 1145. While the FCA only permits the United States to dismiss a *qui tam* action after the relator has been notified and been given the opportunity for a hearing, a relator is only entitled to a hearing if he "presents a colorable claim that the settlement or dismissal is unreasonable in light of existing evidence, that the Government has not fully investigated the allegations, or that the Government's decision was based on arbitrary or improper considerations." *Id*. at 1145.

Here, the United States argues that dismissal of this *qui tam* action is required because the United States has declined to intervene and the relator is *pro se*. Indeed, the Ninth Circuit has held that a *pro se* relator cannot prosecute a *qui tam* action on behalf of the United States, as neither the general *pro se* provision, 28 U.S.C. § 1654, nor the FCA

ORDER – 2

grants a *pro se* that authority. *See Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007) ("Because *qui tam* relators are not prosecuting only their 'own case' but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret § 1654 as authorizing *qui tam* relators to proceed *pro se* in FCA actions."); *Williams v. Dep't of Corr.*, No. C13-5505-RJB 2013 WL 3305485, at *2 (W.D. Wash. June 27, 2013) (same). The Government claims that dismissal here will rationally and directly accomplish the valid purpose of keeping a *pro se litigant* from proceeding on behalf of the United States when not permitted to do so. Moreover, because Plaintiff has not responded to the Government's motion, the Court accepts this failure to respond as an admission that the motion has merit. W.D. Wash. LCR 7(b)(2). Accordingly, no hearing on the claim is necessary and the Court dismisses the action without prejudice.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** the government's motion to dismiss. Dkt. # 15.

DATED this 19th day of August, 2019.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3